FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 DEC 15  AM 11: 42

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CHARITY MACDERMOTT, on behalf of
Herself and all others similarly situated,

    Plaintiff,

vs.

CASE NO.: 2:17-cv-692-FtM-38cm

NANE JAN, LLC, a Florida
Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, CHARITY MACDERMOTT, on behalf of herself, other employees and former employees similarly situated, by and through the undersigned counsel, and files this Complaint against Defendant, NANE JAN LLC dba SEA SALT (hereinafter "Defendant" or "SEA SALT") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid tips, minimum wages, overtime wages and an equal amount of liquidated damages and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff, CHARITY MACDERMOTT, is and was a resident of Lee County, Florida.

4. At all times material hereto, NANE JAN LLC d/b/a SEA SALT was and continues to be a Florida Limited Liability Company. Further, at all times material hereto, SEA SALT was, and continues to be, engaged in business in Florida, with a principle place of business in Collier County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. Defendant was and continues to be an "employer" within the meaning of FLSA.

9. At all times material hereto, Defendant, SEA SALT, was and continues to be "enterprises engaged in commerce" within the meaning of FLSA.

10. At all times material hereto, Defendant, SEA SALT, was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, SEA SALT, is in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times material hereto, the Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, the Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage of the FLSA.

15. The additional persons who may become Plaintiffs in this action are/were "server" employees of Defendant, who held similar positions to Plaintiff and who paid out tips to persons that do not customarily receive tips and performed maintenance and cleaning work for less than minimum wage.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. On or about October 2015, Defendant hired Plaintiff to work as a non-exempt "server."

18. From at least October 2015, and continuing through March 2016, the Defendant violated the FLSA 29 U.S.C. § 203 (m) tip credit provision, as Plaintiff's tips were distributed to managers/assistant managers and not distributed in full amongst employees who customarily and regularly receive tips and therefore the Defendant violated the tip credit provision and is required to pay the Plaintiff a minimum wage for each hour worked.

19. Plaintiff also performed maintenance and cleaning work and was paid less than minimum wage.

20. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

21. From at least October 2015 and continuing through March 2016, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

22. Defendant has failed to maintain proper time records as mandated by the FLSA.

23. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FLSA 29 U.S.C. § 203 (m) TIP CREDIT PROVISION

24. Plaintiff, and others similarly situated, hereby incorporates Paragraphs 1 through 23 of this Complaint into this Count.

25. From on or about October 2015 and continuing until at least March 2016, Defendant distributed Plaintiff's tips without a valid tip-pool.

26. The tip-out included "managers/assistant managers" who do not customarily receive tips.

27. The Defendant violated the FLSA 29 U.S.C. § 203 (m) tip credit provision, as Plaintiff's tips were not distributed amongst employees who customarily and regularly

4

receive tips and therefore the Defendant violated the tip credit provision and are required to pay the Plaintiff a minimum wage for each hour worked.

28. The Plaintiff, and others similarly situated, seeks damages in the amount of minimum wages in the amount due to her, plus liquidated damages in an amount equal to the loss of minimum wages and pre-judgment interest.

29. The Plaintiff seeks recovery of all attorney's fees, costs, and expenses of this action, to be paid by the Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, CHARITY MACDERMOTT, on behalf of herself and all proposed members of the FLSA representative action pray for relief as follows:

    a. A determination that this action may be pursuant to the FLSA;

    b. A finding that the Defendant violated the various provisions of the FLSA set forth above;

    c. A finding that the Defendant acted willfully in each of the violations of the FLSA;

    d. An award to Plaintiff of damages for the amount of all unpaid compensation and tip credits as the law provides, including statutory liquidated damages and statutory wages;

    e. An award to the Plaintiff of reasonable attorney's fees and costs, or pre-judgment interest; and

    f. An award of such other and further relief as this Court may deem appropriate.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 23 as if incorporated herein.

31. From at least October 2015 and continuing through March 2016, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Rather, throughout her employment Defendant paid Plaintiff, and all employees similarly situated, tip credit wages for all hours worked including overtime wages.

33. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiffs regular rate of pay for those hours worked in excess of forty (40) hours.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendant has failed to properly disclose or apprise Plaintiff of her rights under the FLSA

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

38. Based upon information and belief, Defendant has failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

Respectfully submitted this ___ day of December 2017.

BERKE LAW FIRM, P.A.

By:   /s/ Bill B. Berke
      Bill B. Berke, Esq.
      Florida Bar No. 0558011
      berkelaw@yahoo.com
      4423 Del Prado Boulevard S.
      Cape Coral, FL 33904
      Telephone: (239) 549-6689
      *Attorney for Plaintiff*